IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

vs.

CASE NO.: CR210-056

JASON CHRISTOPHER WALKER,
   a/k/a "Weezey"

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Jason Walker ("Walker") has been charged with: three (3) counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and the transfer of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5812, 5861(e), and 5871. Walker filed a Motion to Suppress, and the Government filed a Response.

Walker asserts—in very general terms—that the undercover operation the Government conducted was illegal, done without authority, and constituted entrapment. While Walker cites no facts or law in support of his Motion, it appears that he contends that the federal and local police agencies' "Operation Thunderbolt" is an example of outrageous government conduct.

"Outrageous governmental conduct is a defense[1] that focuses on the government's tactics in obtaining a conviction." United States v. Fernandez Martinez, 317 F. App'x 929, 934 (11th Cir. 2009). "Dismissal of an indictment on the ground that the government engaged in outrageous conduct requires a defendant to show from the totality of the circumstances that the government's conduct and over-involvement 'violated that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment.'" Id. at 934-35 (quoting United States v. Russell, 411 U.S. 423, 432 (1973)). "The defense can be invoked only in the 'rarest and most outrageous circumstances.'" Id. at 935 (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)). The Supreme Court and the Eleventh Circuit Court of Appeals "have recognized the possibility that government involvement in a criminal scheme might be so pervasive that it would be a constitutional violation[; however,] that standard has not . . . been met in any case" before either Court. United States v. Sanchez, 138 F.3d 1410, 1413 (11th Cir.1998). "Government infiltration of criminal activity and the furnishing of something of value to the criminal is a recognized and permissible means of investigation." Id. "'[A]lthough a government agent may provide something of value to a criminal enterprise, he may not instigate the criminal activity, provide the place, equipment, supplies, and know-how, and run the entire operation with only meager assistance from the defendant[ ].'" United States v. Wilson, 238 F. App'x 571, 573 (11th Cir. 2007) (quoting Kett v. United States, 722 F.2d 687, 689 (11th Cir. 1984)).

---

[1] Outrageous government conduct is not an affirmative defense but "a judicially established legal principle based on due process principles." Jeter v. McNeil, No. 5:08cv101-SPM/MD, 2009 WL 2495790, at *13 (N.D. Fla. Aug. 11, 2009).

Walker has not presented any facts which reveal how the Government's actions during Operation Thunderbolt meet the very high standard of outrageous government conduct. See United States v. Clayton, No. 3:06-cr-141-J-33MCR, 2007 WL 106564, at *2 (M.D. Fla. Jan. 9, 2007) (collecting cases where no outrageous government conduct found). Walker's Motion should be **DENIED** on this ground.

To the extent Walker contends that Operation Thunderbolt caused him to commit criminal activities, his contentions are without merit at this time. The "affirmative defense of entrapment requires two elements: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant." United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995) (internal citation and punctuation omitted). "The defendant's right to present the entrapment defense is conditional, since before an entrapment defense may be presented to the jury, an evidentiary foundation for a valid entrapment defense must be present." United States v. Ryan, 289 F.3d 1339, 1343 (11th Cir. 2002). To raise an entrapment defense, "a defendant must prove more than that the government first solicited him or merely provided the opportunity for the crime." United States v. Sistrunk, 622 F.3d 1328, 1333 (11th Cir. 2010). "After the defendant meets his burden to show some evidence that the government induced the defendant to commit the crime, the question of entrapment becomes a factual one for the jury to decide." Id.

As Walker has presented nothing to meet the "some evidence" requirement, Walker's Motion should be **DENIED** on this ground at this time.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Walker's Motion to Suppress be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)