IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JASON CHRISTOPHER WALKER, | ) | |
| Petitioner, | ) ) ) | CIVIL ACTION NO.: CV213-106 |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | (Case No.: CR210-056) |
| Respondent. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jason Christopher Walker ("Walker"), an inmate currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana, filed an action pursuant to 28 U.S.C. § 2255. The United States of America ("Respondent") filed a Response. Walker filed a Traverse. For the reasons which follow, Walker's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Walker was convicted, after a jury trial, in this Court of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871; and transfer of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5812, 5861(e), and 5871. The Honorable Lisa Godbey Wood sentenced Walker to 225 months' imprisonment. Walker filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Walker, 479 Fed. App'x 329 (11th Cir. 2012).

In the instant Motion, Walker contends that this Court erred in several ways by enhancing his sentence upon finding him to be an armed career criminal. Walker also asserts that under Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151 (2013), his prior convictions were required to be charged in the indictment and proved to the jury beyond a reasonable doubt. Respondent asserts that Walker is not entitled to relief pursuant to § 2255.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Sentencing enhancement**

Walker asserts that he does not have the three prior felony convictions required to enhance his sentence as an armed career criminal. Walker also contends that Judge Wood erred in applying the enhancement against him at sentencing. Respondent counters that this ground should be dismissed because it has been decided adversely to Walker on direct appeal.

"[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). Walker advanced these grounds concerning the predicate offenses relied upon to enhance his sentence on direct appeal. The Eleventh Circuit concluded that "the district court did not err in applying the armed career criminal sentence enhancement under the ACCA." Walker, 479 Fed. App'x at 333. Since this claim has been decided adversely to Walker on direct appeal, it cannot be re-litigated in this § 2255 motion. See Nyhuis, 211 F.3d at 1343.

2

## II. Alleyne-based challenges

Walker asserts that this Court erred in his sentencing because his prior convictions were neither charged in the indictment nor proven to a jury beyond a reasonable doubt. Walker cites the recent United States Supreme Court decision in Alleyne in support of his claim that his sentence should be vacated. Walker asserts that Alleyne represents a new substantive rule that is retroactive. Walker argues that due process requires that Alleyne be applied to his case. Respondent contends that this ground should be dismissed because it is procedurally defaulted. Respondent submits that in the alternative, this claim should be dismissed because it is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

In Almendarez-Torres, the Supreme Court recognized a "narrow exception" stating that, for sentencing enhancement purposes, a defendant's prior conviction does not have to be alleged in the indictment or proven to a jury beyond a reasonable doubt. Alleyne, __ U.S., 133 S.Ct at 2160, n.1 (citing Almendarez-Torres, 523 U.S. 224). The Alleyne decision specifically declined to revisit or overrule this holding of Almendarez-Torres. Alleyne, __ U.S., 133 S.Ct at 2160, n.1. The Eleventh Circuit has recently rejected the very same Alleyne-based arguments raised by Walker in other cases challenging sentencing enhancements pursuant to the Armed Career Criminal Act based on predicate offenses not alleged in the indictment or proven to a jury beyond a reasonable doubt. United States v. Flowers, __ Fed. App'x __, 2013 WL 4046024 at *9 (11th Cir. Aug. 12, 2013).[1] Walker is not entitled to relief on this ground.

---

[1] Although not binding on this Court, the decisions of other circuits have also declined to accept Alleyne-based challenges to ACCA sentencing enhancements. Those courts align with the Eleventh Circuit's finding that the Alleyne decision did not alter Almendarez-Torres' holding that "the fact of the prior conviction need not be mentioned in the indictment nor submitted to the jury." United States v. Carrigan,

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Walker's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of September, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

724 F.3d 39, 51 n. 4 (1st Cir. Jul. 19, 2013) (citing Almendarez-Torres, 523 U.S. at 230). See also United States v. Wiggan, ___ Fed. App'x ___, 2013 WL 3766535, at *5 n.1 (2nd Cir. Jul. 19, 2013); United States v. Wynn, ___ Fed. App'x ___, 2013 WL 3941316 (6th Cir. Jul. 31, 2013).